Submitted June 3, reversed and remanded August 3, 2016

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

STEPHEN MICHAEL HANUSSAK,
*Defendant-Appellant.*

Douglas County Circuit Court
13CR1809MI; A158020

379 P3d 1178

William A. Marshall, Judge.

Ernest G. Lannet, Chief Defender, Criminal Appellate Section, and Laura E. Coffin, Deputy Public Defender, Office of Public Defense Services, filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and David B. Thompson, Assistant Attorney General, filed the brief for respondent.

Before Armstrong, Presiding Judge, and Egan, Judge, and Shorr, Judge.

**PER CURIAM**

Defendant appeals a judgment convicting him of unlawful possession of a controlled substance in Schedule III, ORS 475.752, assigning error to the trial court's denial of his suppression motion. Defendant was driving a car when an officer lawfully stopped him for committing a traffic infraction. The officer contacted defendant, who exhibited several signs of intoxication, and the officer began investigating defendant for driving under the influence of intoxicants (DUII). Another officer brought a drug-detection dog to the scene while the other officer was conducting the DUII investigation. The officers ultimately concluded that they lacked probable cause to arrest defendant for DUII and issued defendant a warning for the traffic violation. They then had the dog walk around the car to see if it would detect the smell of illegal drugs. The dog alerted the officers to the presence of drugs in the car's glove box. The police found drugs there and seized them. The state subsequently charged defendant with unlawful possession of a Schedule III controlled substance. Defendant moved to suppress the drug evidence, contending that the officers had unlawfully extended the traffic stop by deploying the drug-detection dog. The trial court denied the motion, and defendant proceeded to a trial on stipulated facts. The trial court found defendant guilty and entered a judgment of conviction. Defendant appeals the judgment and renews the arguments that he made to the trial court on his suppression motion. The state concedes that the trial court erred in denying defendant's suppression motion.

We accept the state's concession. Police have authority to stop a car when there is probable cause to believe that the driver has committed a traffic infraction. *State v. Rodgers/Kirkeby*, 347 Or 610, 623, 227 P3d 695 (2010). That authority dissipates when the investigation related to the traffic infraction is, or reasonably should be, completed. *Id.* Here, the officer had probable cause to stop defendant to investigate whether he had committed a traffic infraction and reasonable suspicion to investigate whether defendant had committed the crime of DUII. However, by the time that the officers deployed the drug-detection dog, the officers had

concluded that they did not have probable cause to arrest defendant for DUII and had completed their investigation of the traffic infraction. Therefore, the officers unlawfully extended the stop by deploying the dog when they did not have a reasonable suspicion that defendant possessed drugs.

Reversed and remanded.